Glenn R. Kantor, Esq. (SBN: 122643)
 E-mail: gkantor@kantorlaw.net
Andrew M. Kantor, Esq. (SBN: 303093)
 E-mail: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
Judy Battershall

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY BATTERSHALL,<br><br>              Plaintiff,<br><br>       VS.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND FOSTER FARMS SHORT TERM AND LONG TERM DISABILITY PLANS,<br><br>              Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, JUDY BATTERSHALL, herein sets forth the allegations of her Complaint against Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND FOSTER FARMS SHORT TERMS AND LONG TERM DISABILITY PLANS.

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter

"ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an ERISA employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan.  Plaintiff seeks relief, including but not limited to payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, a resident in the County of Stanislaus, State of California.

3. Plaintiff is informed and believes that her employer funded its STD and LTD Plans via the purchase of a group short and long term disability policy from Liberty Life Assurance Company of Boston ("Liberty").

4. Plaintiff is informed and believes that Liberty identifies the group short term and long term disability policy it issued to the Plan as Policy No. 06066390.

5. Plaintiff is informed and believes that the subject group short term and group long term disability policy, ("Liberty Policy No. 06066390.") was delivered to FOSTER FARMS either in the State of California, or delivered in another State with the intent to cover Foster Farms employees who reside within the State of California.

6. Plaintiff is informed and believes that the subject group short term and long term disability, ("Liberty Policy No. 06066390.") was issued or renewed on or after January 1, 2012.

7. Plaintiff is informed and believes that the subject group short term and group long term disability, ("Liberty Policy No. 06066390.") was issued with the intent to insure employees of FOSTER FARMS who resided within the State of California.

8. Plaintiff is informed and believes that Defendant Liberty Life Assurance Company of Boston ("Liberty") is a corporation with its principal place of business in the Commonwealth of Massachusetts, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Liberty is the insurer of benefits under the FOSTER FARMS Short Term and Long Term Disability Plan (the "LTD Plan") and acted in the capacity of the LTD Plan's claims' administrator.

9. Plaintiff is informed and believes that Defendant FOSTER FARMS Short Term and Long Term Disability Plan is an employee welfare benefit plan regulated by ERISA, established by FOSTER FARMS, under which Plaintiff was a participant at all relevant times, and pursuant to which Plaintiff is entitled to Short Term and Long Term Disability ("Disability") benefits. Pursuant to the terms and conditions of the Disability Plan, Plaintiff is entitled to disability benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Short Term and Long Term Plans.

10. Defendants can be found doing business in this judicial district and the Short Term and Long Term Plans are administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND**
**FOSTER FARMSLONG TERM DISABILITY PLAN**
**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF**
**RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**
**ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

3

ERISA COMPLAINT

12. At all times relevant, Plaintiff was employed by FOSTER FARMS and was a covered participant under the terms and conditions of the FOSTER FARMS Short Term and Long Term Disability Plans, which are insured and administered by Liberty.

13. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

14. In February 2016, Plaintiff was unable to continue to work due to the restrictions and limitations resulting from effects of her having had cancer, as well as the side effects from the treatment she received to treat the cancer. She made a claim for Short Term Disability ("LTD") Benefits which was originally approved by Liberty, but then denied effective March 3, 2016. Liberty denied Plaintiff's benefits stating that plaintiff could perform her occupation.

15. Plaintiff timely appealed the denial of her claim for Short Term Disability and included documents in support of her appeal.

16. In spite of overwhelming evidence of a covered claim, Liberty advised Plaintiff that based upon a decision rendered by a nurse case manager, its decision to deny her claim remained unaltered and that her claim remained closed.

17. As of the filing of the instant action, Plaintiff has satisfied the elimination period of the Long Term Disability Plan, which provides the same definition of disability as does the Short Term Plan. The Plaintiff is now entitled to receive Long Term Disability Benefits in addition to the previously denied Short Term Disability benefits. The long term disability benefits have been effectively denied by Liberty via its termination of Plaintiff's Short Term Disability claim.

20. Defendants FOSTER FARMS Short and Long Term Disability Plans and Liberty have breached the STD and LTD Plan and violated ERISA in the following respects:

(a) Failing to make a claim decision and pay STD and LTD benefit payments to Plaintiff at a time when Liberty and the Disability Plans knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the STD and LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, Liberty denied Plaintiff's STD and LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the STD and LTD Plan documents, in relation to the applicable facts and STD and LTD Plan provisions, for the denial of Plaintiff's claims for STD and LTD benefits;

(c) Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary after Plaintiff's claim was denied in whole or in part;

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim;

21. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the STD and LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

22. Following the denial of benefits under the STD Plan, Plaintiff exhausted all administrative remedies required under ERISA, as her request for reconsideration was denied by Liberty on July 27, 2016. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the STD and LTD Plans.

23. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

24. As a further direct and proximate result of this improper determination regarding Plaintiff's STD and LTD claims, Plaintiff, in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

25. The wrongful conduct of Defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the STD and LTD Plans and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of all STD and LTD disability benefits due Plaintiff as of the adjudication of her claims by this Court;

2. An order declaring that Plaintiff is entitled to immediate payment of all past due STD and LTD benefits, reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the STD and/or LTD Plans for so long as Plaintiff remains disabled under the terms of the STD and LTD Plans;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: August 12, 2016                                KANTOR & KANTOR, LLP

                                                                  By:  /s/ Glenn R. Kantor
                                                                         Glenn R. Kantor
                                                                         Andrew M. Kantor
                                                                         Attorneys for Plaintiff
                                                                         Judy Battershall